Complainant owns certain premises in Leonia and as owner executed the mortgage of $10,000 to defendant Fidelity Title and Mortgage Guaranty Company. Subsequently complainant sold part of the premises to two grantees who assumed this mortgage. These two grantees in turn transferred their *Page 556 
part of the premises to defendant Merit Realty and Investment Company, Incorporated. The Merit Realty and Investment Company took title to their tract by a deed which provides inter alia
as follows: "Subject to a mortgage for ten thousand ($10,000) dollars held by the Fidelity Title and Mortgage Company, of Ridgewood, N.J., which mortgage the party of the second part hereby assume and agree to pay." This is the mortgage in question.
Subsequently complainant desired to sell the other portion of the land not deeded to the Merit company and in fact entered into a contract to do so. Through an agent he approached the Fidelity company, seeking a release from the mortgage of the portion he wished to sell. The Fidelity company stated that they were unwilling to execute a release unless they received something on account of the mortgage. Complainant suggested two plans to the Fidelity company — first, that $2,000 be paid with a participation in the mortgage to the extent of $2,000, the $8,000 balance to be preferred to complainant's $2,000; or secondly, that $2,000 be paid, reducing the mortgage to $8,000. The Fidelity company accepted the second plan which was consummated. At this time the mortgage was not due and there was no threat or danger of foreclosure. The $2,000 was paid, the amount of the mortgage was reduced to $8,000 and the tract not owned by the Merit company was released from the mortgage.
The Merit company was not consulted in any of these transactions, did not consent to what took place between the complainant and Fidelity company, and in fact knew nothing whatever about the transactions until they had been completely consummated. Upon learning of the reduction of the mortgage from $10,000 to $8,000 the Merit company claimed and still claims that its obligation has been reduced by the amount paid by complainant.
Complainant contends that as against the Merit company the amount due on the mortgage is still $10,000; that the Merit company refuses to admit its obligation to that extent; that the Fidelity company claims that only $8,000 is due to it, and that there is accordingly danger that at some time the mortgage may be foreclosed for the sum of $8,000, *Page 557 
which would occasion a loss to complainant of the $2,000 paid by him. In this suit he asks that the court declare that there is a subsisting lien against the Merit company's property for the full amount of $10,000 and that the Fidelity company is trustee of this mortgage to the extent of $2,000.
Complainant contends that he was forced to make this transaction, but I can see no evidence of any compulsion. The mortgage was not due and no threat appears to have been made to foreclose it. The mortgage covered not only the Merit company's property but another tract which complainant wished to sell free and clear of the lien of the mortgage. He paid the Fidelity company $2,000 in order to get this release. There was no compulsion upon him whatever except that imposed upon him by his perhaps improvident contract to sell a portion of the land. The effect of the release, about which the Merit company was not consulted, was to reduce the security held by the Fidelity company. It is true that the Merit company assumed the full mortgage, but it nowhere appears, either in the original deed by which the Merit company acquired title or elsewhere, that the entire tract originally mortgaged should not be subjected to sale on foreclosure to meet the indebtedness to the Fidelity company. Complainant for reasons of his own saw fit to reduce the security, and thereby changed the status which existed at the time the Merit company assumed the mortgage. It seems a reasonable inference that the release obtained by complainant was worth to him the $2,000 he paid in reduction of the amount of the mortgage.
Under the circumstances I cannot find that complainant can now charge the Merit company with the amount of this payment after complainant and the Fidelity company voluntarily reduced the amount of the mortgage.
Complainant, in effect, asks the court to make and enforce the alternative agreement which complainant proposed to the Fidelity company and which the Fidelity company rejected, insisting on a simple payment on account of the principal of the mortgage and a simple release of part of the premises.
A decree will be advised accordingly dismissing the bill. *Page 558